**Thomas ROBERTS, Appellant,**

v.

**Juanita ROBERTS, Appellee.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Sam M. Ward, Hazard, for appellant.

W. Major Gardner, Gardner & Gardner, West Liberty, for appellee.

MONTGOMERY, Judge.

Thomas Roberts appeals from part of a judgment which awarded to Juanita Roberts the custody of two of their children and $60 per month for their support and allowed her attorneys $150 for their fee. Appellee's attorneys are not parties to this appeal. Therefore, the question of their allowance cannot be considered. Best v. Best, Ky., 264 S.W.2d 281; Conlan v. Conlan, Ky., 293 S.W.2d 710.

Appellee charged as the grounds for her divorce that appellant had abandoned her and had a confirmed habit of drunkenness. Appellant asserted no ground for divorce in his answer, but alleged appellee was not a proper person to have custody of their two small girls, ages 13 and 11 years. Two boys, both older than the girls, were also born to the marriage. They live with appellant.

Numerous objections are made by appellant to the custody award. Presumably, all of them were considered by the Chancellor. None of them is sufficient to show that appellee is not a fit, suitable, or proper person to have the custody of the two little girls. Appellant expresses fear that the girls will not receive the full benefit of the award in their favor and that its use

may be diverted by appellee and her parents, with whom she and the girls live. This is anticipatory and does not constitute a question for our consideration now. The record indicates that appellant's real objection is that he is compelled to pay $60 per month for the support of his two children.

 Appellant has engaged in various types of construction and mining work. At the time of this action, he was a partner in a small coal mining operation in Knott County. His earnings, according to his estimate, were from $84 to $140 per week. Appellee was not shown to have any income or estate.

The award of child custody and allowance for child support are matters properly within the Chancellor's discretion. Conlan v. Conlan, Ky., 293 S.W.2d 710. The record in this case does not disclose any abuse of this discretion by the Chancellor.

Judgment affirmed.